| | |
|---|---|
| **DENVER COUNTY DISTRICT COURT, DENVER COUNTY, COLORADO**<br><br>Court Address: Denver County District Court<br>1437 Bannock Street<br>Denver, CO 80202<br>Telephone: (303) 606-2300 | DATE FILED: February 9, 2023 1:24 PM<br>FILING ID: E8E212C092DD3<br>CASE NUMBER: 2023CV30452 |
| **Plaintiff:** DANIEL CAPPS<br><br>v.<br><br>**Defendants:** ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY | ▲ COURT USE ONLY ▲ |
| **Attorneys for Plaintiff:**<br>Corey A. Holton, Atty. Reg. No. 47440<br>Anthony M. Hoag, Atty. Reg. No. 53024<br>BACHUS & SCHANKER, LLC<br>101 W. Colfax Ave., Suite 650<br>Denver, Colorado 80202<br>Phone:  303-893-9800<br>Fax:      303-893-9900<br>E-Mail: corey.holton@coloradolaw.net<br>            anthony.hoag@coloradolaw.net | Case Number:<br><br><br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff Daniel Capps, by and through undersigned attorney of Bachus and Schanker, LLC, hereby submits a Civil Complaint and Jury Demand against Defendant and Allstate Fire and Casualty Insurance Company ("Allstate"), as follows:

## **GENERAL ALLEGATIONS**

1. This matter arises from a motor vehicle collision that occurred between Plaintiff and Bari L. Platter ("Tortfeasor") on December 09, 2020 at or near milepoint

EXHIBIT A

1 of eastbound Interstate 270 in Adams County, Colorado ("the Collision").

2. At all times relevant, Plaintiff was a resident of Weld County, Colorado.

3. At all times relevant, upon information and belief, Allstate was and is an Illinois corporation with a principal office street address of 2775 Sanders Road, Northbrook, Illinois 60062.

4. At all times relevant, Defendant Allstate's registered agent in the State of Colorado is CT Corporation System whose address is 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112.

5. Venue in this county is proper pursuant to C.R.C.P. 98(c).

## FACTUAL ALLEGATIONS

6. Immediately prior to the Collision, Plaintiff was stopped in traffic in the number one lane of eastbound Interstate 270, approximately 0.4 miles east of the York Street exit.

7. Immediately prior to the Collision, Tortfeasor was driving in the number 1 land of eastbound Interstate 270 approximately 0.4 miles east of the York Street exit, behind Plaintiff.

8. The Collision occurred when Tortfeasor failed to stop or slow and drove into the back of Plaintiff's vehicle.

9. Plaintiff reported injuries to the investigating police officers.

10. At the time of the Collision, Tortfeasor operated a motor vehicle in a negligent manner.

11. Tortfeasor's negligent operation of a motor vehicle caused the Collision.

12. As a direct and proximate result of the Collision, Plaintiff sustained injuries, damages, and/or losses.

13. Plaintiff has incurred a medical charge of at least one dollar for any medical treatment for any injury, no matter how small, as a result of the Collision.

14. At the time of the Collision, Tortfeasor was insured by a bodily injury liability automobile insurance policy with Allstate Fire and Casualty Insurance Company ("the BI Policy")

15. At the time of the Collision, Plaintiff was insured by an under insured motorist automobile insurance policy with Defendant Allstate ("the UIM Policy").

16. Upon information and belief, Plaintiff's harms and losses exceed Tortfeasor's bodily injury liability limits.

17. Defendant Allstate gave Plaintiff permission to settle for the liability policy limits of Tortfeasor.

18. The UIM Policy provides coverage to the Plaintiff for damages and losses caused by underinsured motorists, such as Tortfeasor.

19. The UIM Policy was in effect at the time of the Collision.

20. Plaintiff is entitled to recover insurance benefits from Defendant Allstate as a result of the Collision.

**FIRST CLAIM FOR RELIEF**
(Plaintiff's Underinsured Motorist Claim Against Defendant Allstate)

21. The foregoing statements and allegations are incorporated herein.

22. At the time of the Collision, Tortfeasor owed Plaintiff a duty of care to act reasonably in the operation of a motor vehicle.

23. At the time of the Collision, Tortfeasor breached her duty of care to Plaintiff.

24. The Collision was a cause of the injuries sustained by Plaintiff.

25. The Collision occurred as a direct and proximate result of Tortfeasor's negligence in the operation of a motor vehicle.

26. As a direct and proximate result of the Collision, Plaintiff sustained damages, including past and future: economic losses, including medical bills, lost wages, loss of ability to earn money, and other expenses; noneconomic losses, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life; physical impairment and disfigurement.

27. Upon information and belief, Plaintiff's injuries, damages, harms and losses exceed Tortfeasor's available bodily injury insurance policy limits. '

28. Defendant Allstate issued one or more automobile liability insurance policies to Plaintiff which provided underinsured motorist benefits.

29. Plaintiff has satisfied all conditions precedent under the applicable insurance policies with Defendant Allstate, and Plaintiff is eligible to recover benefits under the aforementioned policies issued by Defendant Allstate.

30. Defendant Allstate is liable for Plaintiff's injuries, damages, harms, and losses caused by Tortfeasor, the underinsured motorist, in accordance with the

provisions of C.R.S. § 10-4-609 and the subject insurance policy.

**WHEREFORE,** Plaintiff prays for a judgment against Defendant Allstate in an amount to be determined at trial for damages, including past and future: economic losses, including medical bills, lost wages, loss of ability to earn money, and other expenses; noneconomic losses, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life; physical impairment and disfigurement; attorney's fees; interest on all damages at the highest rate allowed by law computed from the date of the injury; costs and expenses; and any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial to a jury of six (6) on all triable issues.

**DATED:** February 9, 2023.

BACHUS & SCHANKER, LLC

*/s/ Corey A. Holton*
_____
Corey A. Holton, #47440
Anthony M. Hoag, #53024
*Attorneys for Plaintiff*

Plaintiff's Address
11371 Habor St
Longmont, CO 80504